OLF3 (Official Local Form 3)
Effective December 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:       Case No.: **18-10372**
**William A. Booth**       Chapter 13
             Debtor(s)

## CHAPTER 13 PLAN

*Check one.* This plan is:
- [ ] Original
- [x] **FIRST AMENDED**
- [ ] Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*

Date this plan was filed: **3/22/2018**

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | [x] Included | [ ] Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | [ ] Included | [x] Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | [x] Included | [ ] Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

**A.  LENGTH OF PLAN:**

- [x] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- [ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- [ ] _____ Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:
_____

**B.  PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| $75.00 | 36 |

**C.    ADDITIONAL PAYMENTS:**

*Check one.*

☑   **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**                              **$2,700.00**.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☐   **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.    CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐   **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑   **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
*Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
    Address of the Principal Residence: _____
    The Debtor(s) estimates that the fair market value of the Principal Residence is: $ _____

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| -NONE- | | |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**0.00**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|
| -NONE- | | | |

Total of prepetition arrears on Secured Claim(s) (Other): $**0.00**
Total prepetition arrears to be paid through this Plan [(a) + (b)]: $**0.00**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| **Wells Fargo Dealer Services** | **Automobile Installment Loan** | **2012 Ford Fusion 48,000 miles Location: 21 Tabor Road, Forestdale MA 02644** |

**B.    MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*
☑ **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

### (1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:

☐ **None.** *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

*The following Plan provisions of this Part 3.B.1 are effective only if the box "Included" in Part 1, Line 1.1 is checked.*

The Debtor(s) requests that the Court determine the value of the lien of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the amount of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the allowed amount of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the extent of the value of the lien securing the creditor's allowed secured claim.

Unless the Court orders otherwise, the amount of a modified secured claim held by a nongovernmental creditor, as described in this Plan and treated below, is binding on the creditor and the Debtor(s) upon confirmation of this Plan, even if the creditor has filed a Proof of Claim setting forth a different amount.

Unless the Court orders otherwise, the amount of a secured claim of a governmental unit listed in an allowed Proof of Claim controls over any contrary amount listed below. The amount of a secured claim of a governmental unit may NOT be determined through this Plan.

An allowed claim of a creditor whose claim is secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's interest, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this Plan. If the secured claim amount is listed below as having NO value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this Plan.

*In the description of collateral, include the registry of deeds/land court recording information for any real property for which you are modifying a secured claim.*

| Name of Creditor | Description and Value of Collateral | Secured Claim Amount | Amount of Senior Liens | Interest Rate | Total Claim |
|---|---|---|---|---|---|
| **Provident Funding Asso** | **21 Tabor Road Forestdale, MA 02644 Barnstable County Principle Residence; Declaration of Homestead recorded on November 9, 2006: Book: 21559, Page: 300. $245,000** | $0.00 | $277,122.15 | 0.00% | $0.00 |

**Total Claim(s) under Part 3.B.1 to be paid through this Plan: $0.00**

### (2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:

☑ **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

### (3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):

☑ **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

**C.** **SURRENDER OF COLLATERAL:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

| PART 4: | PRIORITY CLAIMS |
|---|---|

*Check one*

☑ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

### PART 5: NON PRIORITY UNSECURED CLAIMS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **2,430.00** , which the Debtor(s) estimates will provide a dividend of **4.74** %.
☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than __% of its allowed claim.

**A.    GENERAL UNSECURED CLAIMS:**                                        $**5,212.69**

**B.    UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Provident Funding Asso | 21 Tabor Road Forestdale, MA 02644 Barnstable County<br>Principle Residence; Declaration of Homestead recorded on November 9, 2006: Book: 21559, Page: 300. | $46,008.12 |

**C.    NONDISCHARGEABLE UNSECURED CLAIMS** (*e.g., student loans*)**:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

**D.    CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**E.    TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

**Total Nonpriority unsecured Claims [A + B + C + D]: $51,220.81**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$2,430.00**

**F.    SEPARATELY CLASSIFIED UNSECURED CLAIMS** (*e.g., co-borrower*)**:**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00**

### PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

### PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |
|---|---|

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☑ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*

**Seterus Inc; Debtor is in the process of obtaining a loan modification for the first mortgage on the primary residence. All arrears due the first mortgage will be cured upon approval of said loan modification. If and when the Debtor receives said approval, debtor intends to retain the property and pay the loan. Upon the alternative, debtor will amend plan to include arrears to be paid through the plan.**

**RE: Modification of secured loan held by Provident Funding Assoc in the amount of $46,008.12 for the second mortgage on property at 21 Tabor Road, Forestdale MA 02644**

**The Debtor's residence located at 21 Tabor Road, Forestdale MA 02644 has a present value of $245,000.00. The Debtor's residence is subject to the first mortgage to Seterus Inc. The balance due to Seterus Inc as of the date of the filing of the petition for relief was $277,122.15. Provident Funding Assoc is the holder of a second mortgage. The amount due to Provident Funding Assoc at the time of the filing of the petition for relief was $46,008.12.**

**Pursuant to 11 USC 1322(b)(2) this plan provides to modify the claim due to Provident Funding Assoc and treat such claim as an unsecured claim in its entirety.**

**The Order of Discharge to be entered in this case under 11 USC 1328(2) shall constitute a discharge of the mortgage held by Provident Funding Assoc and described hereinabove.**

| PART 9: | SIGNATURES |
|---|---|

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| /s/ William A. Booth | **March 22, 2018** |
|---|---|
| **William A. Booth** | Date |
| Debtor | |

| Debtor | Date |
|---|---|

| /s/ Peter M. Daigle | Date **March 22, 2018** |
|---|---|

Signature of attorney for Debtor(s)
**Peter M. Daigle**
**640517 MA**
**Daigle Law Office**
**1550 Falmouth Road**
**Suite 10**
**Centerville, MA 02632**
**(508) 771-7444**
**pmdaigleesq@yahoo.com**

The following Exhibits are filed with this Plan:

☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

| *List additional exhibits if applicable.* |
|---|
| |

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 9

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$0.00** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$0.00** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$0.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$2,430.00** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$2,430.00** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$2,700.00** |
| i) | Divide (h), Cost of Plan, by term of Plan, **36** months: | **$75.00** |
| j) | Round **up** to the nearest dollar amount for Plan payment: | $**75.00** |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following***:**

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining (**0** months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin:    **/ /**

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

## A. REAL PROPERTY

| Address<br>(*Sch. A/B, Part 1*) | Value<br>(*Sch. A/B, Part 1*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **21 Tabor Road Forestdale, MA 02644  Barnstable County Principle Residence; Declaration of Homestead recorded on November 9, 2006: Book: 21559, Page: 300.** | **245,000.00** | **323,130.27** | **0.00** |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | **$ 245,000.00** |
| **Total Net Equity for Real Property** (*Value Less Liens*): | **$ 0.00** |
| **Less Total Exemptions for Real Property** (*Sch. C*): | **$ 0.00** |
| **Amount Real Property Available in Chapter 7:** | **$ 0.00** |

## B. MOTOR VEHICLES

| Make, Model and Year<br>(*Sch. A/B, Part 2*) | Value<br>(*Sch. A/B, Part 2*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **2012 Ford Fusion 48,000 miles**<br>**Location: 21 Tabor Road, Forestdale MA 02644** | **5,369.00** | **11,642.00** | **0.00** |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | **$ 5,369.00** |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | **$ 0.00** |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | **$ 0.00** |
| **Amount Motor Vehicle Available in Chapter 7:** | **$ 0.00** |

## C. ALL OTHER ASSETS (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.*)

| Asset | Value | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **Household Goods** | 300.00 | 0.00 | 300.00 |
| **Clothing** | 500.00 | 0.00 | 500.00 |
| **Cash** | 50.00 | 0.00 | 50.00 |
| **Personal Checking: Cape Cod Five (3940)** | 300.00 | 0.00 | 150.00 |
| **Personal Checking: Cape Cod Five (0060)** | 2,630.00 | 0.00 | 2,630.00 |
| **Pension: Stop & Shop Pension** | 0.00 | 0.00 | 0.00 |
| **Debtor has a potential interest in parents will.  The parents are living and in good health.  The Debtor believes that when his parents pass, he will be entitled to one quarter of the estate split equally with his three siblings.** | 0.00 | 0.00 | 0.00 |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$ 3,780.00** |
| **Total Net Equity for All Other Assets**  (*Value Less Liens*): | **$ 3,630.00** |
| **Less Total Exemptions for All Other Assets**: | **$ 3,630.00** |
| **Amount of All Other Assets Available in Chapter 7:** | **$ 0.00** |

## D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | **$ 0.00** |

**E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

| |
|---|
| |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

OLF3A (Official Local Form 3A)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| WILLIAM A. BOOTH | ) | Chapter 13 |
| Debtor, | ) | Case No.: 18-10372 |
|  | ) | |

# **CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN**

I/We hereby certify that on March 22, 2018 and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

The Debtor,
By His Attorney,

/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 10
Centerville, MA 02632
(508) 771-7444

**Electronic Mail:**

Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee
Richard T. Mulligan, Esquire, for Federal National Mortgage Association
Federal National Mortgage Association
Provident Funding Group, Inc.
Stefanie Howell, Esq., Counsel for Provident Funding Group, Inc.

**First Class Mail:**

**Collection**
2300 Pierce St
Sioux City, IA 51104

**Harmon Law Office PC**
150 California Street

Newton, MA 02458

**HSBC Card Services**
P.O. Box 17051
Baltimore, MD 21297

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101

**Massachusetts Department of Revenue**
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

**Portfolio/Bureaus Investment Group**
PO Box 12914
Norfolk, VA 23541

**Provident Funding Asso**
1235 N Dutton Ave Ste E
Santa Rosa, CA 95401

**Seterus Inc**
14523 Sw Millikan Way St
Beavertton, OR 97005

**Seterus Inc**
14523 Sw Millikan Way St
Beaverton, OR 97005

**Tate & Kirlin Associates**
2810 Southampton Road
Philadelphia, PA 19154

**Wells Fargo Dealer Services**
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623

**Wells Fargo Dealer Services**
Po Box 1697
Winterville, NC 28590

OLF3B (Official Local Form 3B)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: ) | |
| WILLIAM A. BOOTH ) | Chapter 13 |
| Debtor, ) | Case No.: 18-10372 |

# AFFIDAVIT OF SERVICE OF CHAPTER 13 PLAN

I, Peter M. Daigle, Esq., certify that service of a copy of this Plan was made on the creditors and in the manner set forth in the attached list on March 22, 2018.

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and was at all times during the service of a copy of this Plan, not less than 18 years of age and not a party to the matter concerning which service was made.

I declare that the foregoing is true and correct under penalty of perjury.

/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 10
Centerville, MA 02632
(508) 771-7444

**Electronic Mail:**

Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee
Richard T. Mulligan, Esquire, for Federal National Mortgage Association
Federal National Mortgage Association
Provident Funding Group, Inc.
Stefanie Howell, Esq., Counsel for Provident Funding Group, Inc.

**First Class Mail:**

**Provident Funding Asso**
1235 N Dutton Ave Ste E
Santa Rosa, CA 95401

**PROVIDENT FUNDING ASSOCIATES, LIMITED PARTNERSHIP**
851 TRAEGER AVENUE, SUITE 100

SAN BRUNO,   CA   94066   USA

**Provident Funding Associates, LP**
Corporation Service Company
84 State Street
Boston, MA 02109

William A. Booth
21 Tabor Road
Forestdale, MA 02644