# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| IN RE:<br><br>William A. Booth,<br><br>Debtor. | Case No. 18-10372-MSH<br>Chapter 13 |

## **OBJECTION TO DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN**

Now comes Federal National Mortgage Association ("Fannie Mae") and files its objection to William A. Booth's ("Debtor") Fourth Amended Chapter 13 Plan. In support of its objection, Fannie Mae states as follows:

1. Fannie Mae is the holder of the first mortgage ("Mortgage") on the Debtor's property located 21 Tabor Road, Forestdale, MA ("the Property").

2. The Mortgage to Fannie Mae is in default with a pre-petition arrearage of $111,194.52 and a total claim of $298,479.48. Claim 3.

3. Fannie Mae objects to the Debtor's Fourth Amended Chapter 13 Plan as it does not provide for the payment of any pre-petition arrears when $111,194.52 is owed. Id. As such, it should be denied under 11 U.S.C. § 1325 (a)(5)(B)(iii)(II).

4. Fannie Mae objects to the Debtor's Fourth Amended Chapter 13 Plan as it fails to provide for on-going monthly Mortgage payments as required by 11 U.S.C. § 1322(b)(5).

5. Fannie Mae objects to the Debtor's Fourth Amended Chapter 13 Plan as it is not feasible. Debtor states his monthly net income is $75.00. Debtor's Fourth Amended Plan calls for payments from $75.00 per month. While the Plan may be affordable as currently constituted, it is not affordable when factoring the $111,194.52 owed pre-petition. As Debtor cannot afford the pre-petition arrrears, the Plan is not feasible under 11 U.S.C. § 1325 (a)(6) and it should be denied.

6. Fannie Mae also objects to the Debtor's Fourth Amended Chapter 13 Plan as it indicates that Debtor will surrender the Property. The issue, however, is that Debtor's statement in the non-standard plan provisions fails to comport with 11 U.S.C. 1325(a)(5)(C). Succinctly, Debtor's Fourth Amended Chapter 13 Plan is not a true surrender as Debtor states he "reserves the right to seek a loan modification to address the arrearage due on the loan." A surrender of the property cannot occur in the future. "The surrender must be *completed at or before* the confirmation of the plan." *In re Thompson*, 2018 Bankr. LEXIS 398 (Bankr. D. Mass. February 14, 2018) (Hoffman, B.J.) (citations omitted).

WHEREFORE, Fannie Mae respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan or for such other relief as the Court deems just and proper.



Respectfully submitted,

**Federal National Mortgage Association**,
By its Attorney,

/s/ Keith J. McCarthy
Keith J. McCarthy, Esq.
BBO#: 690779
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
Dated: 6/20/18                    mabk@harmonlaw.com

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS (BOSTON)**

| | |
|---|---|
| IN RE:<br><br>William A. Booth,<br><br>Debtor. | Case No. 18-10372-MSH<br>Chapter 13 |

## CERTIFICATE OF SERVICE

      I, Keith J. McCarthy, Esq., state that on June 20, 2018, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of District of Massachusetts on behalf of Federal National Mortgage Association using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

Peter Daigle
Stefanie D. Howell
Carolyn A. Bankowski
John P. Fitzgerald III

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

William A. Booth
21 Tabor Rd
Forestdale, MA 02644

Carey Ann Booth
21 Tabor Rd
Forestdale, MA 02644

      Respectfully submitted,

      **Federal National Mortgage Association**,
      By its Attorney,

      /s/ Keith J. McCarthy
      Keith J. McCarthy, Esq.
      BBO#: 690779
      Harmon Law Offices, P.C.
      PO Box 610389
      Newton Highlands, MA 02461
      (617)558-0500
      mabk@harmonlaw.com

Dated: 6/20/18